# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

KATHALINA MONACELLI,

                Plaintiff,

-vs-                                                        Case No. 2:08-cv-920-FtM-29SPC

LEE COUNTY EDUCATION ASSOCIATION;
LEE COUNTY SCHOOL BOARD; ROBERT
CHILMONIK District 1 School Board Member;
IDA S. BAKER HIGH SCHOOL; JOE VETTER,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Kathalina Monacelli's Motion to Proceed *In Forma Pauperis* /Affidavit of Indigency *(*Doc. # 2) filed on December 5, 2008. On December 5, 2008, the Plaintiff filed a Complaint (Doc. #1) and moves the Court to proceed *in forma pauperis* (IFP) without the prepayment of filing fees. The Plaintiff was ordered to file an Amended Complaint that was in compliance with the Federal Rules of Civil Procedure. The Plaintiff timely filed the Amended Complaint (Doc. #9) therefore, the Court will proceed to address the Plaintiff's Motion to Proceed IFP. (Doc. #2).

      The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may

be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Amended Complaint, in its entirety, to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Amended Complaint (Doc. #9) with a less stringent standard than those complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir. 2002). The Plaintiff's affidavit reveals that she has insufficient resources to conduct the litigation, so the Court must now review the Amended Complaint to determine if it lacks arguable basis in law or fact.

In the Amended Complaint, the Plaintiff claims that she is filing an employment discrimination action under the First, Eleventh, and Fourteenth Amendments of the U.S. Constitution, the Civil Rights Act of 1964, American with Disabilities Act of 1990, Title VII, the General Education Provisions Act, the Sherman Antitrust Act, and the Federal Trade Commission Act. She claims that the suit is concerning: failure to employ her; employing discriminatory hiring practices, "denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the educational environment", using "abusive and anti-competitive behaviors to control Plaintiff and her ability to gain employment"; "hired other individuals with fewer credentials"; using "geographical demographics" in not hiring Plaintiff; and limited hiring individuals within a geographic location including Plaintiff's address. (Doc. 9, p. 5-8). The Plaintiff then asserts that the Defendant's conduct was discriminatory with regard to her religion, national origin, gender, and disability.

*Count I*

The Plaintiff states in Count I that her First, Eleventh and Fourteenth Amendment rights have been violated. The First Amendment provides as follows: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble and to petition the Government for a redress of grievances." U.S. Constitution Amendment I. The Plaintiff has failed to allege any facts showing a violation of the First Amendment.

The Eleventh Amendment provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Constitution Amendment XI. The Plaintiff has failed to allege any violation of the Eleventh Amendment.

The Plaintiff also alleges that her Fourteenth Amendment rights were violated. The Plaintiff fails to specify which Clause of the Fourteenth Amendment she claims that the Defendants violated. The Fourteenth Amendment does contain the Equal Protection Clause which provides in part that "No State shall . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Constitution Amendment XIV §1. The Equal Protection Clause does require Governmental agencies to treat similarly situated people alike, however, an Equal Protection claim relates to a statute that is discriminatory on its face, has a disparate impact, or is unequally administered. Corey Airport Services, Inc. v. City of Atlanta, 2008 WL 4452386, *19 (N.D. Ga. September 30, 2008) (citing E & T Realty v. Strickland, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987)). The Plaintiff has failed to allege a violation of the Fourteenth Amendment.

## Count II

The Plaintiff alleges a violation of the Civil Rights Act of 1964. The Plaintiff asserts that 42 U.S.C. 2000e protects all individual based upon the grounds of race, religion, gender, or ethnicity and alleges that the School District only hires persons of the white race. Specifically the Plaintiff must allege that she (1) was a member of a protected class; (2) was qualified for the jobs she has applied for; (3) she suffered an adverse employment action; and (4) she was displaced by someone outside the protected class. Webb-Edwards v. Orange County Sheriff's Office, 525 F. 3d 1013, 1031 (11th Cir. 2008) (citing Hinson v. Clinch County Georgia Board of Education, 231 F.3d 821, 828 (11th Cir. 2000)). The Plaintiff fails to allege that she is a member of a protected class or that she has suffered an adverse employment action and, therefore she fails to establish a claim for discrimination.

## Count III

In Count III, the Plaintiff alleges that the Defendants have violated the American With Disabilities Act by her being associated with a disabled person. She does not allege that she is disabled herself. To show a *prima facie* case of association discrimination, the Plaintiff must establish: "(1) that she was subjected to an adverse employment action; (2) that she was qualified for the job at that time; (3) that her employer knew at that time that she had a relative with a disability; and (4) that 'the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [the employer's] decision.'" Wascura v. City of South Miami, 257 F.3d 1238, 1242 (11th Cir. 2001) (quoting Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1230-31 (11th Cir. 1999)). The Plaintiff alleges discrimination based upon her association with her disabled child. She has failed to plead

all of the elements for a claim of association discrimination, therefore she has failed to state a claim upon which relief may be granted.

*Count IV*

In Count IV, the Plaintiff alleges that the Defendants violated the General Education Provisions Act, 20 U.S.C. §1221. The Plaintiff claims that the Defendants hired fewer qualified individuals, used socioeconomic values in their hiring practices, and needs to change their hiring practices. The General Education Provisions Act applies to certain programs implemented by the Department of Education. 20 U.S.C. §1221(b)(1). The Plaintiff fails to state a cause of action under the General Education Provisions Act.

*Count V*

In Count V, the Plaintiff alleges that the Defendants have a preferred group of individuals for hiring which violates the Sherman Act. "'[T]he purpose of the [Sherman] Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market. The law directs itself not against conduct which is competitive, even severely so, but against conduct which unfairly tends to destroy competition itself. It does so not out of solicitude for private concerns but out of concern for the public interest.'" Spanish Broadcasting System of Florida., Inc. v. Clear Channel Communications, Inc., 376 F.3d 1065, 1069-1070 (11th Cir. 2004) (quoting Spectrum Sports, Inc. v. McMillan, 506 U.S. 447, 459, 113 S. Ct. 884, 122 L. Ed. 2d 247 (1993)). The Plaintiff failed to allege a cause of action under the Sherman Act.

*Count VI*

In Count VI, the Plaintiff alleges that the Defendants have used unfair and deceptive trade practices in the hiring of teachers in violation of the Federal Trade Commission Act. "There is no private cause of action implied under the Federal Trade Commission Act." Lingo v. Albany Department of Community & Economic Development, 195 Fed. Appx. 891, 894 (11th Cir. 2006) (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 361 n.6 (5th Cir. 1977)). The Plaintiff failed to allege a cause of action under the Federal Trade Commission Act.

Therefore, it is respectfully recommended that the Motion to Proceed *In Forma Pauperis*/ Affidavit of Indigency (Doc. #2) be denied and this action be dismissed for failure to state a claim upon which relief can be granted. Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Kathalina Monacelli's Motion to Proceed *In Forma Pauperis/*Affidavit of Indigency *(*Doc. # 2) should be **DENIED**. It is further recommended the Plaintiff's Complaint should be **DISMISSED** with prejudice for failure to state a valid cause of action.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal**.**

**Respectfully Recommended**  in Ft. Myers, Florida this ___17th___ day of June, 2009.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record